Tadiaeereo, J.
In May, I860, under an order of Court previously rendered, the dative testamentary executor of G-eo. W. Watterston, deceased, filed in the District Court of the parish of Livingston, an account or exhibit of the condition of the estate, and caused it to be advertised. In the month of August following, Penn & Hennen, two of the creditors of the estate, took a rule upon the executor to show cause why he should not file a lableau of distribution of the funds of the estate in his hands, and furnish additional security on his bond as executor.
In his answer to the rule the executor denies that the parties taking it are creditors of the estate; and, if creditors, that they have never presented their claims for approval or rejection. He, therefore, prayed that the rule be dismissed. In an amended answer he denied the allegations in the rule, that the sureties on his bond are insufficient. The objection, as to the sufficiency of the bond, seems afterwards to have been abandoned. On trial of the rule the judge of the District Court gave as reasons for dismissing it, that the account filed by the executor presented a prima facie showing that he had no funds in hand to distribute, and the contrary not being made to appear, he could not render an order for the filing of a tableau of distribution. From this judgment, discharging the rule, the plaintiffs in the rule have appealed.
It is proper here to notice that a motion was filed in this Court to dismiss the appeal; but we do not consider the grounds sufficient to enable-us to sustain the motion.
It would sew, to be ft iisejess thing' to order the exeentoj: to distribute *105 funds, unless ho lias funds to distribute. The executor distinctly declares, by his account, that he lias no funds. The simple issue of whether he has or not, is therefore made up between him and the plaintiffs, who assume that he lias §5,622 1(5, in cash, which he ought to distribute. This assumption is certainly not warranted, from an inspection of the account. The plaintiffs made no opposition to the account, which it would seem they are required to do, by Article 1004 of the Civil Code. This question of funds or no funds, should, we think, be settled by the trial of an opposition to the account.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, without prejudice to the plaintiffs’right, if any they have, to oppose the executor’s account, the costs of this appeal to be sustained by the succession,